## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TGL GOLF HOLDINGS, LLC, | Case No.: |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| LA GOLF PARTNERS, LLC, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff TGL Golf Holdings, LLC (referred to herein as "TGL" or "Plaintiff"), by its attorneys Flaster Greenberg. P.C., for its complaint against LA Golf Partners, LLC (referred to herein as "LAGP" or Defendant), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for a Declaratory Judgment under 28 U.S.C. § 2201. TGL seeks a declaration from this Court that its use of various trademarks comprising the city name "Los Angeles" and the abbreviation "LA," as described herein in more detail and referred collectively herein as the "**LAGC Marks**," which TGL has used and promoted publicly for more than a year: (1) does not infringe any alleged trademarks of LAGP under 15 U.S.C. § 1114(1)(a); (2) does not constitute unfair competition or false designation of origin under 15 U.S.C. § 1125(a); (3) does not constitute trademark dilution under 15 U.S.C. § 1125(c), and (4) does not constitute unfair competition or deceptive trade practices under Delaware state law.

TGL also seeks a declaration from this Court that (1) LAGP is equitably estopped from

enforcing any of its alleged trademarks incorporating the abbreviation "LA" against TGL; and (2) directing the U.S. Patent and Trademark Office to cancel LAGP's Registration No. 7616256 for the mark "LA Golf Club."

2.      On January 7, 2025, after more than 2 and a half years of build-up and anticipation, TGL will launch its TGL Golf League, a new tech-infused golf league created by Tiger Woods, Rory McIlroy, and sports executive Mike McCarley, in partnership with the PGA Tour. TGL features six teams of four PGA Tour golfers competing in two-hour matches inside the custom-built SoFi Center in Palm Beach Gardens, Florida. The initial teams in the league will hail from Los Angeles, New York, San Francisco, Boston, Atlanta, and Jupiter (Florida). TGL competition will be broadcast in the United States on ESPN and on similarly widely watched television networks around the world, including in Europe, Asia, and South America.

3.      Notwithstanding that TGL has (1) used and promoted extensively its trademarks associated with its Los Angeles-based professional golf team named "Los Angeles Golf Club" (shortened to "LA Golf Club" and "LAGC") since approximately June 2023 incorporating the city name "Los Angeles" and the abbreviation "LA," (2) filed trademark applications for such trademarks in the U.S. Patent and Trademark Office as early June 7 and November 14, 2023 (certain of which LAGP did not oppose in the U.S. Patent and Trademark Office), and (3) has received widespread news coverage in the last 18 months -- and after nearly 9 months of having no communications whatsoever with TGL, LAGP, a company that makes golf equipment -- LAGFP now demands that TGL cease use of those same trademarks, which LAGP alleges are confusingly similar to LAGP's alleged trademarks. *See* **Exhibit A** to this Complaint, which includes some of the original media coverage regarding TGL's launch in August 2022 and the announcement of its Los Angeles-based team on June 8, 2023.

4.      LAGP makes its demand of TGL on the eve of the widely publicized and anticipated launch of TGL's professional golf league on January 7, 2025.

5.      Notwithstanding its knowledge of the launch of TGL's golf league and the Los Angeles team for more than 18 months, LAGP's actions on the eve of the launch of TGL's golf league demonstrate LAGP's bad faith intent to disrupt the golf league launch and garner attention for itself and/or some favorable financial outcome (as requested in its original letter to TGL dated October 18, 2023) given the significant fanfare and excitement surrounding the launch of TGL's golf league, which will be broadcast around the world on ESPN and other widely watched television networks.

6.      TGL's trademarks at issue are the following:



7.      LAGP's alleged trademarks at issue are the following:



8.     Aside from the "LAGP" trademark identified above, LAGP does own any enforceable trademarks and/or rights that are senior to TGL and there is no likelihood of confusion between the marks, notwithstanding LAGP's unfounded allegations, demands, and threats of litigation against TGL. This is particularly true because (1) LAGP's alleged trademarks are descriptive and the only shared component of the respective marks is the abbreviation "LA," which is widely known as the abbreviation for "Los Angeles," the second largest city in the United States, and a designation that is used with countless athletic teams that use "Los Angles" and/or "LA" in their team names, *e.g.*, "LA Dodgers," "LA Rams," "LA Galaxy," "LA Angels," "LA Clippers," etc., (2) because the marks are otherwise different in overall commercial impression, and (3) because the core golf team services provided under TGL's marks are markedly different from the products that LAGP has sold under its alleged trademarks, *i.e.*, golf clubs, golf club shafts, and golf balls.

9.     Notably, the U.S. Patent and Trademark Office, which is expert at assessing trademarks, has already made two determinations that are highly relevant to the dispute between the parties, namely, that LAGP's alleged "LA Golf Club" trademark is descriptive; and (2) that there is no likelihood of confusion between any of LAGP's alleged trademarks and TGL's "LAGC" trademarks.

10.     First, the U.S. Patent and Trademark Office has determined that LAGP's alleged "LA Golf Club" trademark is descriptive, stating in pertinent part in a <u>final</u> refusal of registration related to LAGP's trademark dated April 12, 2024:

> As established by the substantial amount of evidence provided in this Final Office action and the previous Non-Final Office action, "LA" is a location that is generally known to the purchasing public and the term's geographical significance is its primary significance when viewed in connection with applicant's services and applicant's proximity to Los Angeles. Further, the examining attorney has

> established that applicant chose the term "LA" for the purposes of referring to Los Angeles and applicant has an office located in Beverly Hills, which they refer to as their "LA Office" and is only 9 miles away from Los Angeles. Moreover, the attached evidence from golfdigest.com, golf.com, latimes.com, spectrumnews1.com, scga.org, and hypebeast.com shows that there are multiple golf courses located in Los Angeles. More importantly, the evidence shows that golf is a highly popular sport in Los Angeles and is home to prestigious clubs where celebrities are known to play, such as the Los Angeles Country Club where the 2023 U.S. Open was hosted. As such, the evidence shows that golf is a highly popular sport in the Los Angeles area and thus consumers are likely to believe that applicant's services originate in Los Angeles. Therefore, consumers are likely to make a services-place association when viewing the applied-for mark.

*See* **Exhibit B**, a copy of the U.S. Patent and Trademark Office refusal quoted above (not inclusive of the voluminous Office action exhibits supporting the refusal).

11.     In response to this final refusal, LAGP amended its trademark application to seek registration of its alleged "LA Golf Club" trademark on the *Supplemental Register*, which is a secondary register in the U.S. Patent and Trademark Office reserved for descriptive marks, and which does not provide the statutory presumptions afforded to marks registered on the *Principal Register*, including the presumptions of ownership, validity, and distinctiveness. In sum, it is black-letter law that a descriptive trademark is not actually a trademark without the purported owner establishing that such trademark has "acquired distinctiveness" (also known as "secondary meaning") among an appreciable segment of the relevant consuming public. LAGP's alleged trademark has not acquired such distinctiveness.

12.     Second, regarding trademark applications that TGL filed for its "LAGC" trademark on June 7, 2023, the U.S. Patent and Trademark Office did not refuse registration of the marks based upon any prior marks of LAGP.

13.     Importantly, LAGP also had the opportunity to oppose registration of certain of

TGL's "LAGC" marks in the U.S. Patent and Trademark Office, but affirmatively chose not to oppose such applications during the opposition periods for such marks in 2024.

14.     Aside from its trademark registration for the "LA Golf Club" mark on *Supplemental Register*, the only registered mark that LAGP owns is for the "LAGP" mark is shown below:



15.     The background above supports TGL's request that this Court declare that there is no likelihood of confusion between its trademarks and LAGP's alleged trademarks, and that LAGP's marks have not been diluted.

16.     Based upon the descriptive nature of the abbreviation "LA" and LAGP's failure to oppose the registration of TGL's earliest trademark applications for its "LAGC" marks, TGL also seeks a declaration of equitable estoppel prohibiting the enforcement against TGL of any alleged trademark rights that LAGP claims it owns in any mark incorporating the abbreviation "LA."

17.     As further discussed in Count VI of this Complaint, TGL also requests that LAGP's trademark registration for "LA Golf Club" be cancelled on the basis that it was obtained through the commission of fraud on the U.S. Patent and Trademark Office.

18.     Finally, TGL seeks its attorney fees, expenses, and costs incurred in this action, and any other relief the Court deems just and proper.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

**TGL'S BUSINESS AND BRANDING**

19.     TGL is a planned virtual, interactive golf league founded by professional golfers Tiger Woods and Rory McIlroy, and sports executive Mike McCarley, in partnership with the PGA

Tour. *See* **Exhibit A**.

20.     First announced on August 24, 2022, TGL combines advanced technology with teams of top players from the PGA Tour for two-hour weekly competitions in prime time. TGL will initially feature six teams of PGA Tour players, competing head-to-head in 18-hole match play on a virtual course with a special short game area. Fifteen matches, each lasting two hours and played in primetime on ESPN, will make up the regular season. The semi-finals and a final match will be held at the end of the season. *Id.*

21.     TGL was originally planned to launch in January 2024, but the launch of the league was delayed until January 2025 after the host arena under construction in Florida was damaged due to a power failure.

22.     Initial investors in TGL include NBA players Stephen Curry, Andre Iguodala, Shaquille O'Neal, Dwyane Wade, and Kevin Durant, Formula One driver Lewis Hamilton, soccer player Alex Morgan, MLB players Shohei Ohtani and Mike Trout, Buffalo Bills quarterback Josh Allen, tennis player Serena Williams, and WNBA player Diana Taurasi. Other investors include pop artist Justin Timberlake, Fanatics CEO Michael Rubin, and Liberty Media CEO Greg Maffei.

23.     The teams, ownership, and team members for the six teams in the TGL league are the following:

> **Atlanta Drive GC** — <u>Owner</u>: Arthur M. Blank. <u>Roster</u>: Justin Thomas, Patrick Cantlay, Billy Horschel, Lucas Glover.
>
> **Boston Common Golf** — <u>Owners</u>: John Henry, Tom Werner, Mike Gordon, Fenway Sports Group. <u>Roster</u>: Rory McIlroy, Keegan Bradley, Adam Scott, Hideki Matsuyama.
>
> **Jupiter Links Golf Club** (Florida) — <u>Owners</u>: Woods' TGR Ventures, David Blitzer. <u>Roster</u>: Tiger Woods, Max Homa, Tom Kim, Kevin Kisner.
>
> **Los Angeles Golf Club** — <u>Owners</u>: Alexis Ohanian, Serena Williams, Venus Williams; and limited partners Giannis Antetokounmpo and his brothers, Alex Morgan, Servando

Carrasco, Michelle Wie West, Tisha Alyn. <u>Roster</u>: Tommy Fleetwood, Sahith Theegala, Collin Morikawa, Justin Rose.

**New York Golf Club** — <u>Owner</u>: Steven Cohen. <u>Roster</u>: Xander Schauffele, Rickie Fowler, Cameron Young, Matthew Fitzpatrick.

**The Bay Golf Club** (San Francisco) — <u>Owners</u>: Marc Lasry, Stephen Curry along with limited partners Andre Iguodala and Klay Thompson. <u>Roster</u>: Ludvig Åberg, Wyndham Clark, Min Woo Lee, Shane Lowry

24.    On October 5, 2023, TGL and ESPN announced that ESPN had secured media rights for the TGL league in a multi-year deal, with all matches airing on ESPN or ESPN2, and streaming on ESPN+. TGL matches will be broadcast globally on similarly well-established television networks, including SportsNet in Canada, Sky in Europe, Claro in South America, Canal+ in Africa, and BeIN Sport in Asia, among many others.  *See* **Exhibit C**, which includes the full global broadcast lineup.

25.    Since TGL's August 24, 2022 announcement, TGL has extensively advertised and promoted TGL and its teams across all forms of media, including on social media and television. The highly anticipated league and teams have been featured in many leading news and sports media outlets, including but not limited to *USA Today*, Golf.com, *Forbes*, *PGA Tour*, *Sports Illustrated*, *AP News*, and many more. Particularly because TGL features some of the most well-known golfers in the world, and team owners who are known across the sports and entertainment industries, TGL has garnered a significant amount of goodwill and recognition within the golf community and among the public.

26.    As announced publicly in May 2024, TGL has negotiated numerous license agreements, including agreements concerning the manufacture and sale of products featuring league branding and the branding of the league's six teams. All told, TGL has signed more than 16 licensees that include apparel brands Peter Millar, johnnie-O, and 47 Brand, as well as AGD Drinkware, Seamus, and WinCraft. TGL also signed a multiyear agreement with Fanatics to serve

as the league's official e-commerce platform. TGL's licensing activities have been covered in media outlets directed to the apparel and fashion industry, including *WWD* and *Sports Business Journal*.

27.     In October 2024, TGL announced that PGA Tour Superstore, the country's leading destination for golf equipment, accessories, and apparel, had been named the official in-store retailer for TGL team merchandise. This partnership allows fans to shop for their favorite TGL team gear at PGA Tour Superstore locations around the country, including increased offerings at stores in the six cities represented by TGL teams: Atlanta; Boston; Jupiter, FL.; Los Angeles; New York; and San Francisco. The merchandise collections from leading brands offer various apparel and accessories, including polos, t-shirts, hats, quarter zips, and accessories such as mugs, glasses, and pennants.

28.     TGL announced its first team, the Los Angeles Golf Club ("LAGC"), on June 8, 2023, owned by entrepreneur Alexis Ohanian and tennis legends Serena and Venus Williams. Mr. Ohanian is an American Internet entrepreneur and investor; he is best known as the co-founder and former executive chairman of the social media site Reddit. Serena Williams is a former professional tennis player and is widely regarded as one of the greatest tennis players of all time; she was ranked world No.1 in singles by the Women's Tennis Association for 319 weeks, including a joint-record 186 consecutive weeks, and finished as the year-end No.1 five times. Serena Williams has won 23 Grand Slam singles titles. Venus Williams is a former professional tennis player. A former world No. 1 in both singles and doubles, Venus Williams has won seven Grand Slam singles titles, five at Wimbledon and two at the US Open. Serena Williams and Venus

Williams are both considered tennis icons, and both have been active in the world of fashion, both on and off the court.

29.    Since at least as early as June 8, 2023, TGL has used and continues to use Los Angeles and LA-formative trademarks to promote and advertise the Los Angles team, and TGL has taken steps to secure the intellectual property associated therewith.

30.    TGL owns U.S. Trademark Application Serial Nos.  98032528, 98032522, 98032531 and 98032537, filed June 7, 2023, for the mark "LAGC," and owns U.S. Trademark Application Serial Nos.  98269212, 98269226, 98269246, 98269241, 98269207, and 98269190, filed November 14, 2023, for the word-only trademark "Los Angeles Golf Club" and logo variations of its marks, as shown in Paragraph 6 of this Complaint, in connection with its golf services and related products and services.

31.    Since at least as early as June 9, 2023, TGL and LAGC have offered for sale various clothing items depicting the LAGC Marks, see https://shop.lagc.com/. The LAGC Marks and products feature the prominent LA and Golf Club design, depicting the stylized letters LA with a golf club leaning against the left side of the A, as shown here:





32.     All of the apparel and merchandise that TGL will sell under its team names, including the LAGC Marks, will be closely associated with TGL and the respective teams in the TGL League. Such apparel and merchandise are ancillary to the primary golf league services provided under the team trademarks, as discussed above.

33.     TGL has invested substantial time, effort, and financial resources to promote and advertise its products sold under the LAGC Marks in interstate commerce and has engaged in extensive promotion of the LAGC team and its branding leading up to the launch of the league on January 7, 2025.

34.     TGL and LAGC have garnered substantial goodwill with the relevant consuming public and sports community due to their extensive promotion and advertising, and because of their partnerships with prominent icons in the sports and fashion communities. Through widespread and favorable public acceptance and recognition, the LAGC Marks have become substantially valuable assets of TGL. The public recognizes the LAGC Marks and associates them with TGL and its Los Angeles team.

## LAGP'S ALLEGATIONS OF INFRINGEMENT AND DEMAND THAT TGL CEASE USE OF THE LAGC MARKS

35.    In distinct contrast to TGL's golf league and the products and services that TGL will provide under the LAGC Marks, LAGP describes itself in the following manner at its website and in its publicly available materials:

> LA GOLF was born from a pro player, anti-establishment DNA. In just the first few years, LA GOLF has created the most technologically advanced putter in the game with the largest sweet spot ever, a ball that is out performing every major brand in distance and control, and the stiffest and most stable shafts that were inspired directly from our player partners and made by hand in California. LA GOLF was founded by Reed Dickens, formerly the founding CEO of Marucci Sports, where he used a similar playbook to partner with the greatest players in the game to dethrone legacy incumbents Louisville Slugger and Easton.

See **Exhibit D,** a printout of LAGP's Internet website homepage and its social media profile pages.

36.    Likewise, in LAGP's first letter to TGL, dated October 18, 2023, counsel for LAGP described LAGP's business as follows:

> LA Golf was founded in 2018 and quickly became and continues to be one of the golf market's hottest brands and leading providers of golf shafts, expanding its product line to include some of the best putters and golf balls in the industry together with LA Golf-branded clothing.

See **Exhibit E**.

37.    In sum, LAGP manufactures and sells golf clubs, golf club shafts, and related products such as golf balls, putter covers, and putter grips. LAGP's products are primarily sold under trademarks such as "Malibu" and "Bel-Air" (a city and residential area around Los Angeles), but LAGP sometimes also uses the designations "LAGP" and "LA GOLF," as shown below:







38.    LAGP's golf clubs (primarily putters) retail for $449 and up at its website, and its golf shafts retail for $150 and up. *See* **Exhibit D.**

39.    Notwithstanding the clear nature of its business, following TGL's public announcement of its Los Angeles team to be named "Los Angeles Golf Club" and/or "LAGC" on June 8, 2023, and TGL's filing of trademark applications in the U.S. Patent and Trademark Office for the "LAGC" trademark on June 7, 2023, LAGP filed a trademark application for its alleged "LA Golf Club" mark mere days later on June 14, 2023. Importantly, LAGP's trademark application for the "LA Golf Club" mark was based on LAGP's *intent to use* the mark in commerce.

40.     By a letter dated October 18, 2023, counsel for LAGP first wrote to TGL regarding its concern about TGL's use of the LAGC Marks, and its filing of trademark applications for certain of the LAGC Marks in June 2023, but did not expressly object to TGL's use of the marks and instead stated that it "remains open to potential royalty and partnership opportunities between the various entities involved …" *See* **Exhibit E**.

41.     In the months that followed, the parties' respective counsel had 2-3 discussions by telephone and videoconference to discuss LAGP's concerns. In the course of these conversations, despite repeated requests from LAGP's counsel to engage in discussions regarding a business partnership between the parties, TGL made clear to LAGP the following: (1) TGL was not interested in a partnership or royalty relationship with LAGP; (2) TGL believed strongly that there was not any likelihood of confusion between TGL's LAGC Marks and LAGP's alleged marks; and (3) LAGP did not possess any trademark rights senior to those of TGL given the descriptive nature of the "LA Golf" and "LA Golf Club" trademarks. The last of these conversations occurred on April 26, 2024, between the undersigned counsel for TGL, Jordan LaVine, and counsel for LAGP from the law firm Seyfarth Shaw LLP.

42.     Despite not taking ***any action*** for more than 18 months after TGL announced its Los Angeles-based golf team and its branding, and TGL's filing of trademark applications for the branding, and LAGP not having any communications with TGL since April 2024, LAGP suddenly came forward with threats of trademark infringement made through its counsel's correspondence late in the evening of Friday, January 3, 2025, only 4 days before TGL's launch on January 7, 2025. In the letter, counsel for LAGP falsely alleged that its letter "follows more than a year of efforts by LA Golf [LAGP] to convince TGL and the Golf Club to stop infringing its marks and

to co-exist (even as partners) in the market," when in fact LAGP and its counsel had not communicated with TGL or its counsel since <u>April 2024</u>. *See* **Exhibit F**.

43.    Notably, in its January 3, 2025 letter, LAGP cites its trademark registration for "LA Golf Club" on the Supplemental Register as a new basis for its allegations – the registration that resulted from its trademark application filing made on June 14, 2023, *i.e.*, the intent-to-use trademark application filed <u>after</u> TGL's public announcement of its Los Angeles team on June 8, 2024.

44.    As shown above, and as shown in a review of LAGP's other products, its website, and its advertising, the trademarks that LAGP actually uses with its golf equipment are "LA Golf" and "LAGP." Nowhere does LAGP actually use the mark "LA Golf Club." *See* **Exhibit D**.

45.    Notably, LAGP also does not appear to provide any products or services under its marks other than those shown above, but in its letter of October 18, 2023, in its demand letter of January 3, 2025, and in its alleged trademark registration for the mark "LA Golf Club," LAGP refers to certain "entertainment clubs" and "entertainment services" offered under the marks. In fact, LAGP alleged falsely under penalty of perjury to the U.S. Patent and Trademark Office in connection with securing Registration No. 7616256 that it has been using the mark "LA Golf Club" with golf club services, golf facilities, social club services, and bar and cocktail lounge services since May 1, 2022, when it is clear that LAGP has made no such use, as evidenced by counsel for LAGP's January 3, 2025 letter, which states:

> As you were informed in Seyfarth Shaw's October 2023 letter, LA Golf has been running events out of the Beverly Hills "LA Golf Club" since before TGL announced its existence and has always **had plans and proposed partnerships** to expand that concept into larger consumer-facing entertainment venues. Now those aforementioned plans **are coming to fruition with the planned launch in 2025** of the 20,000-plus square foot "LA Golf Club" near Downtown Los Angeles. And LA Golf is currently **putting partners into place** to

> assist in opening additional "LA Golf Club" entertainment lounges in
> other locations.

(emphasis added). *See* **Exhibit F**. Likewise, as noted above, LAGP filed a trademark application

for these services on June 14, 2023, based on its <u>*intent to use*</u> the mark with the services. Only 16

months later did LAGP file an "Amendment to Allege Use" (a prerequisite to obtaining a

registration) and identify May 1, 2022, as the first date of use for the "LA Golf Club" mark for

such services.

46.    LAGP makes no reference to any of these alleged services on its Internet website,

and after reasonable investigation, no references to such services can be found in searches of the

Internet at large.

47.    In addition, the materials that LAGP submitted to the U.S. Patent and Trademark

Office with its required Amendment to Allege Use do not even show use of the mark "LA Golf

Club," but instead show only use of the mark "LA Golf." *See* **Exhibit G**.

48.    Notwithstanding the suspect circumstances surrounding its registration of the "LA

Golf Club" mark, the pronounced differences between TGL's business and LAGP's business, the

commonness and descriptiveness of "LA," and the differences between the respective trademarks,

LAGP, through its counsel, sent an aggressively postured "cease and desist" letter dated January

3, 2025, to TGL's counsel alleging that TGL's LAGC Marks infringe LAGP's alleged trademarks

and demanding that TGL immediately cease using the LAGC marks. The letter stated, in part:

> This letter constitutes a final demand to cease and desist from the
> intentional and damaging infringement of these marks and the LA
> Golf / LA Golf Club names by your clients, TGL and Los Angeles
> Golf Club (the "Golf Club"). Simply put, your clients are not going to
> be using our client's name and brand any longer, and this office has
> been retained to defend the brand and to take action to eliminate
> threats of infringement of that brand in every jurisdiction around the
> globe.

See **Exhibit F**.

49.    In addition to waiting until more than 18 months after TGL's public launch of the Los Angeles team and its branding and its initial trademark application filings, and until mere days before the official launch of the TGL league, LAGP also grossly mischaracterizes the nature of correspondence between the parties. As noted above, LAGP alleges in the January 3, 2025, letter that the parties have been in contact continuously over the last year regarding LAGP's objection to TGL's use of the LAGC, but the parties had not spoken since a call between their counsel on April 26, 2024. Even in that call, counsel for LAGP did not clearly express an objection to TGL's use of the LAGC Marks and instead expressed interest in reaching a "coexistence agreement" or other financial arrangement between the parties.

## LAGP's ALLEGATIONS OF TRADEMARK INFRINGEMENT ARE UNFOUNDED, CONSTITUTE A THREAT TO TGL'S ONGOING BUSINESS, AND AN ACTUAL, PRESENT AND JUSTICIABLE CONTROVERSY HAS ARISEN BETWEEN TGL AND LAGP

50.    LAGP has asserted that TGL's use of the LAGC Marks infringes LAGP's alleged marks, has demanded that TGL cease use of the LAGC Marks immediately, and threatened to bring a lawsuit against TGL on this basis.

51.    Notwithstanding the allegations of LAGP, for the many reasons discussed herein, LAGP possesses no enforceable trademark rights and there is no likelihood of confusion between the respective marks.

52.    LAGP's threat of litigation against TGL has left a cloud hanging over TGL and its business, particularly considering the launch of the TGL golf league on January 7, 2025. LAGP waited until the eve of the launch before sending an aggressive demand letter to TGL.

## THE PARTIES

53.    Plaintiff TGL Golf Holdings, LLC is a Delaware limited liability company organized and existing under the laws of the State of Delaware and is headquartered at 807 South Orlando Avenue, Suite J, Winter Park, Florida 32789.

54.    LA Golf Partners, LLC is a Delaware limited liability organized and existing under the laws of the State of Delaware and is headquartered at 4992 E Hunter Avenue, Anaheim, California 92807.

## JURISDICTION AND VENUE

55.    This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

56.    This court has personal jurisdiction over LAGP because LAGP is a Delaware limited liability company that is organized under the laws of the State of Delaware. LAGP resides in Delaware and has personally availed itself of the privileges and benefits of conducting business in the State of Delaware and the District of Delaware. Consequently, Defendant should have reasonably believed that it would be subject to personal jurisdiction in Delaware and anticipate being hailed into Delaware to defend under this forum's law.

57.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because both parties reside in this District and are organized under Delaware law

## COUNT I
## DECLARATION OF NON-INFRINGEMENT UNDER THE LANHAM ACT

58.    A justiciable and actual controversy exists before this Court with respect to whether LAGP owns any enforceable trademark rights and whether TGL's continued use of the LAGC Marks infringes any of LAGP's alleged rights under the Lanham Act, 15 U.S.C. § 1051 *et. seq*.

59.     For all the reasons set forth in the preceding paragraphs, TGL's continued use of the LAGC Marks is not likely to cause confusion as to the source or sponsorship of TGL's products or services.

60.     TGL's continued use of the LAGC Marks does not infringe any rights of Defendant under 15 U.S.C. § 1114(1)(a).

61.     TGL requests a declaration from the Court that its continued use of the LAGC Marks does not infringe any of LAGP's alleged rights under 15 U.S.C. § 1114(1)(a).

### COUNT II
### DECLARATION OF NO FALSE DESIGNATION OF ORIGIN OR UNFAIR COMPETITION UNDER THE LANHAM ACT

62.     A justiciable and actual controversy exists before this Court with respect to whether LAGP owns any enforceable trademark rights and whether TGL's continued use of the LAGC Marks infringes any of LAGP's alleged rights under 15 U.S.C. § 1125(a).

63.     For all the reasons set forth in the preceding paragraphs, TGL's continued use of the LAGC Marks is not likely to cause confusion as to source of sponsorship and does not constitute a false designation of origin or unfair competition under 15 U.S.C. § 1125(a).

64.     TGL requests a declaration from the Court that its continued use of the LAGC Marks does not constitute unfair competition and/or a false designation of origin under 15 U.S.C. § 1125(a).

### COUNT III
### DECLARATION OF NO DILUTION UNDER THE LANHAM ACT

65.     A justiciable and actual controversy exists before this Court with respect to whether LAGP owns any enforceable trademark rights and whether TGL's continued use of the LAGC Marks constitutes dilution of any of LAGP's alleged rights under 15 U.S.C. § 1125(c).

66.     For all the reasons set forth in the preceding paragraphs, there is nothing to support a claim that LAGP's alleged trademarks are "famous" trademarks as defined in 15 U.S.C. § 1125(c), and TGL's continued use of the LAGC Marks is not likely to dilute the distinctive quality of any alleged trademark of LAGP or dilute by tarnishment any alleged rights of LAGP.

67.     TGL requests a declaration from the Court that its continued use of the LAGC Marks does not constitute dilution under 15 U.S.C. § 1125(c).

<u>**COUNT IV**</u>
<u>**DECLARATION OF NO UNFAIR COMPETITION OR DECEPTIVE TRADE PRACTICES UNDER 6 DEL. C. § 2532 OR STATE COMMON LAW**</u>

68.     A justiciable and actual controversy exists before this Court with respect to whether LAGP owns any enforceable trademark rights and whether TGL's continued use of the LAGC Marks constitutes unfair competition under state common law or under 6 Del. C. § 2532.

69.     TGL's continued use of the LAGC Marks is not likely to cause confusion as to the source or sponsorship of the products and services provided under the marks and is not likely to violate any rights of LAGP in any of its alleged trademarks or violate any of the provisions of 6 Del. C. § 2532.

70.     TGL requests a declaration from the Court that its continued use of the LAGC Marks does not violate Delaware state common law or 6 Del. C. § 2532.

<u>**COUNT V**</u>
<u>**DECLARATION OF EQUITABLE ESTOPPEL PROHIBITING ENFORCEMENT**</u>

71.     TGL relied to its detriment on LAGP's unreasonable delay in asserting its claims against TGL. LAGP's extreme delay in asserting its alleged claims for more than 18 months after TGL adopted, publicly announced and began using the LAGC Marks, which use was open and notorious and was known or should have been known by LAGP, is not justified or excused in law or in equity.

72.     By its conduct complained of herein, LAGP has relinquished all rights it might ever have had to object to the use by TGL of the LAGC Marks.

73.     TGL requests a declaration from this Court that LAGP is barred by the equitable doctrines of laches, estoppel and/or acquiescence from challenging TGL's continued use of the LAGC Marks.

**COUNT VI**
**PETITION FOR CANCELLATION OF LAGP'S REGISTRATION NO. 7616256**

74.     On June 14, 2023, LAGP filed a trademark application for its alleged "LA Golf Club" trademark under Section 1(b) of the Lanham, indicating that LAGP had a bona fide intent to use the trademark in commerce, *i.e.*, even though it could have alleged use of the trademark at the time of filing, it instead stated that it had an intention to use the mark in the future.

75.     After encountering multiple refusals of registration on the basis that its mark was descriptive, LAGP filed, on October 14, 2024, its "Amendment to Allege" for its alleged "LA Golf Club" trademark and, alleged use of the trademark in interstate commerce since at least as early as May 1, 2022, *i.e.*, LAGP alleged use since more than a year before the filing of the application in which it alleged an "intent to use" the trademark. *See* **Exhibit G**.

76.     In the aforementioned Amendment to Allege Use, LAGP signed a Declaration attesting to its use of the "LA Golf Club" trademark in commerce and submitting a purported specimen showing such alleged use, "being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true." *Id.*

77.    Upon information and belief, LAGP knew that its allegation of use in commerce of the "LA Golf Club" mark in interstate commerce since May 1, 2022, signed by its Chief Executive Officer, Reed Dickens, was false, as LAGP has itself admitted in its counsel's correspondence dated January 3, 2025, that it has not used the "LA Golf Club" mark in connection with most or all of the services alleged in the Amendment to Allege Use, namely:

> Golf club services; Golf instruction; Providing golf facilities; Rental of golf equipment; Night club services; Social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members; Golf club services; Golf instruction; Providing golf facilities; Rental of golf equipment; Night club services; Social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members; Bar and cocktail lounge services; Provision of conference, exhibition and meeting facilities; Temporary accommodation reservations.

78.    In addition, the purported "specimen of use" submitted with LAGC's Amendment to Allege does now show use of the mark "LA Golf Club," and instead only shows use of the mark LA Golf." *See* **Exhibit G**.

79.    As a result of the false statements described above, LAGP obtained Registration fraudulently in violation of Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3)1.

80.    Upon information and belief, LAGP knowingly made false, material representations with the intent to deceive the U.S. Patent and Trademark Office in the process of obtaining the registration. Specifically, LAGP falsely claimed use of the "LA Golf Club" mark in commerce on all the services listed in the application when, in fact, the mark was not in use for most or all of the services at the time of the filing of its Amendment to Allege Use, and LAGP did not begin using the alleged "LA Golf Club" mark with such services as alleged in the Amendment to Allege Use.

81.    LAGP's false statements described above were made with the intent to induce the U.S. Patent and Trademark Office to approve the application and issue the registration. The U.S. Patent and Trademark Office relied on these false statements in approving the application and issuing the registration for the "LA Golf Club" mark.

82.    The continued subsistence of Registration No. 7616256 is a source of injury to TGL as LAGP has used such registration as a basis for its threats of infringement against TGL, as outlined herein.

## PRAYER FOR RELIEF

WHEREFORE, TGL respectfully requests that the Court enter judgment on each count of this Complaint as follows:

A.    Declaring that TGL's continued use of the LAGC Marks does not:

> (1)    Constitute trademark infringement under 15 U.S.C. § 1114(1)(a);
>
> (2)    Constitute false designation of origin or unfair competition under 15 U.S.C. § 1125(a);
>
> (3)    Constitute dilution under 15 U.S.C. § 1125(c); or
>
> (4)    Constitute unfair competition under state common law or under Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532.

B.    Declaring that LAGP is barred by the equitable doctrines of laches, estoppel and/or acquiescence from challenging TGL's continued use of the LAGC Marks.

C.    Permanently enjoining LAGP and its officers, agents, servants, employees, and all persons in active concert or participation with any of them in challenging TGL's use of the LAGC Marks.

D.     Ordering the U.S. Patent and Trademark Office to cancel Registration No. 7616256

under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3)1.

E.     Finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a).

F.     Awarding TGL its attorneys' fees, expenses and costs incurred in this action

pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. §1920.

G.     Awarding to TGL such further relief as this Court deems just and proper.

## JURY DEMAND

TGL hereby demands a trial by jury for all issues that are so triable.

Respectfully submitted,

**FLASTER GREENBERG P.C.**

_____

By: Damien Nicholas Tancredi
(DE No. 5395)
Damien.tancredi@flastergreenberg.com
221 W. 10th Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919

Jordan A. LaVine
Eric Clendening
Laura Lipschutz
1717 Arch Street, Suite 3300
Philadelphia, PA 19103